THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case Number: 1:18-cv-00312

| | | |
|---|---|---|
| SHANNON PETERS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT -- CLASS ACTION** |
| CARSON SMITHFIELD, LLC, | ) ) ) | |
| Defendant. | ) | |

**I.   INTRODUCTION**

1.  This action is brought by Plaintiff Shannon Peters, on behalf of herself and all others similarly situated, for statutory damages and civil penalties against Defendant Carson Smithfield, LLC, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights, and the North Carolina Collection Agency Act, N.C.Gen.Stat. §§ 58-70- *et seq.* ("NCCAA"), which prohibits collection agencies from attempting to collect debts through any fraudulent, deceptive, or

Page 1

misleading representation.

2. As shown below, Defendant's form collection letter fails to adequately disclose to consumers certain statutory rights that Federal law requires Defendant to provide to consumers. Defendant's form collection letter actually misrepresents those rights and creates a trap for consumers who, if they follow Defendant's chosen language, waive those important rights. Moreover, by unilaterally changing the rights afforded by the FDCPA, Defendant attempted to collect a debt using a fraudulent, deceptive, and misleading representation – indeed, a representation that violates Federal law.

## II. JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here. Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

## III. PARTIES

4. Plaintiff Shannon Peters is an individual who resides in Thomasville, North Carolina.

5. Ms. Peters was alleged to have owed a debt.

6. Ms. Peters is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Ms. Peters is a "consumer" as defined by the NCCAA, N.C.Gen.Stat. § 58-70-90(2).

8. Defendant Carson Smithfield, LLC is a professional corporation organized under the laws of the State of Delaware.

9. Defendant is located in Woodbury, New York.

10. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

11. Defendant regularly attempts to collect consumer debts alleged to be due to another.

12. Defendant engages, directly or indirectly, in debt collection from consumers.

13. Defendant holds a collection agency license from the North Carolina Department of Insurance, as required of collection agencies by N.C.Gen.Stat. § 58-70-1.

14. Defendant was and is a "debt collector" as defined by the FDCPA, 15

Page 3

U.S.C. § 1692a(6).

15. Defendant was and is a "collection agency" as defined by N.C.G.S. §§ 58-70-15(a) and 90(1).

IV. **FACTUAL ALLEGATIONS**

16. Ms. Peters had a credit card account with Merrick Bank Corporation.

17. Ms. Peters allegedly owed a past-due balance to Merrick Bank Corporation ("the Debt").

18. The Debt was incurred for personal, family, or household purchases; *i.e.*, a purchases on her personal credit card for personal use.

19. The Debt entered default.

20. Merrick Bank Corporation hired, retained, or otherwise requested Defendant to attempt to collect the Debt.

21. By correspondence dated April 25, 2017, Defendant arranged for the preparation and transmittal of a letter to Ms. Peters at her residence in an attempt to collect the Debt. A copy of Defendant's April 25, 2017, letter to Ms. Peters is attached hereto as Exhibit A.

22. Exhibit A contains:

> Dear Shannon D Peters,
>
> Merrick Bank corporation has hired Carson Smithfield, LLC, to collect the balance due on your account referenced above.
>
> \*\*\*
>
> **IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW - FEDERAL NOTICE**
> Unless you notify this office within 30 days after receiving this notice that your dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office verbally or in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

23. Exhibit A was the initial communication from Defendant to Ms. Peters regarding the Debt.

24. Exhibit A was sent in an attempt to collect the Debt.

25. Defendant did not send an additional communication to Ms. Peters regarding the Debt within five days of sending Exhibit A.

26. "In interpreting the demands of the FDCPA, we bear in mind that the

Page 5

statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

27. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

28. Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the

Page 6

Case 1:18-cv-00312-LCB-JEP   Document 1   Filed 04/18/18   Page 6 of 18

shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

29.     Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014).

30. Section 1692g(b) explains the effect of a written dispute made pursuant to Section 1692g(a)(4).

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). *See Clark*, 741 F.3d at 490.

31. As expressly mandated by the FDCPA through Section 1692g(a), Congress has required debt collectors to provide a disclosure of information to all consumers from whom it attempts to collect a debt.

32. By requiring debt collectors to disclose the information contained in Section 1692g(a) to consumers, Congress conferred upon consumers a statutory right to receive that information.

Page 8

Case 1:18-cv-00312-LCB-JEP    Document 1    Filed 04/18/18    Page 8 of 18

33. If Ms. Peters had disputed the debt verbally, as Defendant expressly represented as an option, Defendant would not have been bound by 15 U.S.C. 1692g(b).

34. Exhibit A does not state that a dispute must be made "in writing" in order for Defendant to send verification.

35. Instead of providing the rights that the FDCPA expressly required Defendant to provide, Defendant chose unilaterally to insert additional language – "verbally or" – which tells the least sophisticated consumer that a verbal dispute will result in Defendant sending verification.

36. Defendant's custom and violative language would mislead and deceive the least sophisticated consumer into believing that a verbal dispute would result in verification being provided.

37. Defendant failed to tell the least sophisticated consumer that if a verbal dispute is made, then the proscriptions of Section 1692g(b) – requiring the debt collector to cease collection attempts until verification is provided – do not apply.

38. Defendant's additional language – "verbally or" – contradicts the information that the FDCPA requires Defendant to provide to consumers.

Page 9

Case 1:18-cv-00312-LCB-JEP    Document 1    Filed 04/18/18    Page 9 of 18

39. Defendant's additional language – "verbally or" – could cause the least sophisticated consumer to sit on her rights afforded by the FDCPA.

40. That Defendant failed to state that a dispute under Section 1692g(a)(4) must be in writing is no minor issue. Indeed, Defendant's form collection letter results in a trap for consumers that follow the additional language provided by Defendant. Indeed, if a consumer disputes a debt verbally, then the proscriptions of Section 1692g(b) do not apply, and the debt collector is not required to cease collection efforts until it provides verification. Following the instructions in Defendant's collection letter will waive the least sophisticated consumer's statutory rights.

41. The failure to communicate the information required by Section 1692g(a)(4) could have a serious effect on the least sophisticated consumer because she would not know that only a written dispute would require Defendant to cease collection efforts until it sent verification of the debt to the least sophisticated consumer, in line with Section 1692g(b). Indeed, "most individual consumers are unaware of their rights under the FDCPA." *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D.Cal. 2006); *see also Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 337 (N.D.Ill. 2008);

*Osborn v. Ekpsz*, 821 F.Supp.2d 859, 870 (S.D.Tex. 2011).

42. "Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing. *See, e.g., Bicking*, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, *3-4 (E.D. Va. May 5, 2011); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010); [four additional cases omitted]." *Osborn*, 821 F.Supp.2d at 870.

43. That the FDCPA places an affirmative duty upon debt collectors to adequately convey those important rights to the least sophisticated consumer makes Defendant's violation particularly egregious.

44. Civil penalties under the NCCAA are available in addition to statutory damages under the FDCPA. *Baie v. Prime West Mgmt. Recovery LLC (In re Baie)*, 2011 Bankr. LEXIS 1200, *9-10 (Bky.E.D.N.C. 2011) (Humrickhouse, J.); *see also Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1068 (9th Cir. 2011) ("We recognize that the FDCPA does not pre-empt consistent state action, including cumulative recovery of statutory damages under state law.")

45. The North Carolina General Assembly acknowledged in the NCCAA

that additional remedies may be available to a consumer.

46. "The remedies provided by this section shall be cumulative, and in addition to remedies otherwise available." N.C.Gen.Stat. § 58-70-130(d).

47. Plaintiff demands a trial by jury over all claims.

## V. DEFENDANT'S POLICIES AND PRACTICES

48. It is the standard policy and practice of Defendant to fail to inform consumers that verification of the alleged debt will be provided only in response to a written dispute.

49. It is the standard policy and practice of Defendant to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. It is the standard policy and practice of Defendant to attempt to collect a debt using a fraudulent, deceptive, or misleading representation.

## VI. CLASS ALLEGATIONS

51. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a debt allegedly owed

to Merrick Bank Corporation (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

52. The class is so numerous that joinder of all members is impractical. *See* Fed.R.Civ.P. 23(a)(1).

53. Defendant sent letters in the form of <u>Exhibit A</u> to more than 50 persons with addresses in the state of North Carolina to recover a debt allegedly owed to Merrick Bank Corporation incurred for personal, family, or household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the date of class certification.

54. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. *See* Fed.R.Civ.P. 23(a)(2). The principal issue is whether Defendant violated the FDCPA and NCCAA by:

> A) failing to inform consumers that verification of the alleged debt will be provided only in response to a written dispute, in

                violation of 15 U.S.C. § 1692g(a)(4);

    B)    using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. §§ 1692e and e(10); and

    C)    attempting to collect a debt using a fraudulent, deceptive, or misleading representation, in violation of N.C.Gen.Stat. § 58-70-110.

55. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendant's records.

56. Plaintiff will fairly and adequately protect the interests of the class. She has no interests that are contrary to those of the class members. *See* Fed.R.Civ.P. 23(a)(4).

57. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. *See* Fed.R.Civ.P. 23(a)(4).

58. The questions of law and fact common to the class predominate over any issues involving only individual class members. *See* Fed.R.Civ.P. 23(b)(3). Indeed, the principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA and NCCAA.

59. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. *See* Fed.R.Civ.P. 23(a)(3).

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and the civil penalties under the NCCAA for any type of violation are capped at $4,000. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, *e.g.*, for securities fraud.

### VII. <u>COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT</u>

61. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

62. Defendant's violations of the FDCPA include, but are not limited to:

    A) failing to inform consumers that verification of the alleged debt will be provided only in response to a written dispute, in violation of 15 U.S.C. § 1692g(a)(4); and

B) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10).

63. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## VIII. COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

65. Defendant's violations of the NCCAA include, but are not limited to, attempting to collect a debt by any fraudulent, deceptive, or misleading representation, in violation of N.C.Gen.Stat. § 58-70-110.

66. As a result of Defendant's violations of the NCCAA, Plaintiff and the class members are entitled to an award of civil penalties, costs, and reasonable attorney fees.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Shannon Peters requests that judgment be entered in her favor and in favor of the class against Carson Smithfield, LLC for:

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Civil penalties pursuant to N.C.Gen.Stat. § 58-70-30(b);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.Gen.Stat. § 75-16.1; and

E. For such other relief as the Court may find to be just and proper.

April 18, 2018

/s/ Craig M. Shapiro
Craig M Shapiro
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd Ste D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Fax: (919) 286-2704
Email: cshapiro@johnorcutt.com
State Bar No. 48887

ATTORNEY FOR PLAINTIFF SHANNON PETERS

# Exhibit A



CARSON SMITHFIELD, LLC
P.O. BOX 9216
OLD BETHPAGE, NY 11804

April 25, 2017

Our File Number: 4███████7830
Balance Due: $1,506.55
Current Creditor: Merrick Bank Corporation
Original Creditor: Merrick Bank Corporation
Original Account Number: ███████7830

SHANNON D PETERS    D
███████
THOMASVILLE, NC 27360-6063

Dear Shannon D Peters,

Merrick Bank Corporation has hired Carson Smithfield, LLC, to collect the balance due on your account referenced above. We are authorized to offer you two settlement options to allow you to settle your account for less than the current balance. You may accept either settlement offer by first contacting us as outlined below on or before May 31, 2017 and then make payments according to the offer you select.

You have three convenient options to accept this offer:
- Visit us at www.solvethatdebt.com and enter your response code (0201-7042-1101-1170); or
- Call us at 1-877-394-5975 and make your payment over the phone free of charge; or
- Mail your payment with the voucher below and check the settlement option you are selecting

Choose your settlement offer below:

**Lump Sum (single payment)**
Merrick Bank Corporation will consider your account settled if you make a one-time payment of $903.93 (which equals 60.0% of the outstanding balance of $1,506.55) on or before May 31, 2017.

**Extended Offer (pay over time)**
Merrick Bank Corporation will consider your account settled if you make payments as follows:
- Remit your first payment in the amount of $81.60 within 35 days from the date of this letter.
- Then, continue to make monthly payments in the amount of $81.60 each, by the first of each month, for the next consecutive 11 months. (12 payments total)
- Accepting the Extended Payment Offer will result in payment of an amount that is greater than what you would pay under the Lump Sum Offer.

---Carson Smithfield is not obligated to to renew any of the offers listed above----

You are under no obligation to accept either of these offers. If you do not accept one of these settlement offers, we will attempt to contact you to collect the balance on your account, less any payments you may have made.

If you have any questions, please contact our office at 1-877-394-5975. The hours of operation are Monday-Friday 8:00 AM to 9:00 PM EST & Saturday 8:00 AM - 4:30 PM EST.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
Carson Smithfield, LLC
225 W. Station Square Dr.
Pittsburgh, PA 15219
---The opportunities listed above do not alter or amend your validation rights described below---

**IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW - FEDERAL NOTICE:**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office verbally or in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office verbally or in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**NORTH CAROLINA RESIDENTS:**
NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT NUMBER: 105610

CWLTR01

C002-5940  Y  SET

---

Please detach and return with payment in envelope provided

Make checks payable to Carson Smithfield

☐ Accepting Lump Sum Option  ☐ Accepting Extended Option

**Pay-by-Phone**
Call 1-877-394-5975 to set up a FREE payment by phone

Or mail payment to:

Carson Smithfield
PO BOX 660397
Dallas, TX 75266-0397

Name:    Shannon D Peters
Address: 120 Creek Moore Cir
         Thomasville, NC 27360-6063

Account number: ███████830

Payment Enclosed: $_____

☐ please check here if address correction is needed and indicate changes above.

444444 ███████ 3000001506555